UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ELIZABETH THOMAS,                              26 Civ. 868 (PAE) (GS)
           Plaintiff                              26 Civ. 871 (PAE) (GS)

-v-

P.C.F. PROPERTIES IN TX, LLC,
           Defendant.


_____

**APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(1)**

Appellant, Elizabeth Thomas appearing pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 60(b)(1), for relief from the Order dismissing this bankruptcy appeal.

## I.    STATEMENT OF FACTS

1. On March 18, 2026, the Magistrate Judge issued a Report and Recommendation ("R&R") which rules that Appellant had 14 days from service to object.

2. Service of the ("R&R") order was mailed to the Appellant on March 23, 2026, and received on March 26, 2026.

3. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(A), the day of service (March 23, 2026) is excluded from the timeline. The 14-day period began on March 24, 2026, exclusive of weekends and holidays.

4.  There are exactly 14 days between March 24, 2026, and April 10, 2026, when excluding weekends and including both the start and end dates.

5.  Appellant believed that under the 3-day Mailbox Rule, the Court's physical receipt of the Objections on Monday, April 13, 2026, would be fully timely following the April 10, 2026 calculation.

6.  Appellant mailed the written objections via the U.S. Postal Service on April 10, 2026. As noted in this Court's dismissal order, the Court physically received and docketed the objections on Monday, April 13, 2026.

7.  On July 8, 2026, this court subsequently dismissed the appeal citing that the appellant object to the R&R is untimely.

## II. LEGAL STANDARD AND AUTHORITIES

Federal Rule of Civil Procedure 60(b)(1) permits relief from a final judgment or order due to mistake, inadvertence, surprise, or excusable neglect. Under the Supreme Court precedent *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), courts look to the danger of prejudice, the length of the delay, the reason for the delay, and whether the moving party acted in good faith.

The Second Circuit explicitly holds that submissions by pro se litigants must be construed liberally and interpreted to raise the strongest arguments that they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.

2006). Furthermore, the Second Circuit evaluates the impact of a procedural delay on the court's administration equitably, recognizing that very brief delays do not disrupt the administration of justice. *In re Enron Corp*., 419 F.3d 115, 122 (2d Cir. 2005).

Regarding the 3-day mail rule, the Second Circuit Court of Appeals explicitly states that when a Magistrate's report is served by mail, the 3-day mailing extension applies to the objection window. *Roldan v. Racette*, 984 F.2d 85, 87 (2d Cir. 1993).

### III. ARGUMENT

1. There is no prejudice to the Appellee, as the underlying dispute has already been framed, briefed, and pursued.

2. The delay between the deadline of Firday April 10,2026, and the actual receipt date of Monday, April 13, 2026, is minimal. Under Second Circuit guidance in *In re Enron Corp.*, 419 F.3d 115 (2d Cir. 2005), very short delay of a single business day over a weekend is de minimis, does not disrupt this Court's docket, and has zero operational impact on these judicial proceedings.

3. The reason for the delay was an honest, good-faith calculation b under Federal Rule of Civil Procedure 6(a)(1)(A) which excludes the day of service, counting 14 days from March 24, 2026, and excluding weekends results in exactly April 10, 2026. Appellant honestly and genuinely believed that under the 3-day

mailbox rule, which the Second Circuit confirms applies to these timelines in _Roldan v. Racette_, 984 F.2d 85, 87 (2d Cir. 1993), the court's physical receipt of the Objections on Monday, April 13, 2026, would be timely. Under _Triestman v. Fed. Bureau of Prison_s, 470 F.3d 471, 474 (2d Cir. 2006), a pro se litigant's technical misunderstanding of how mailing extensions interact with weekend deliveries represents an honest mistake and a classic form of excusable neglect under Rule 60(b)(1).

4.      Appellant acted in complete good faith, actively mailing the Response and Objection to the R& R by three (3) day priority mail on Friday, April 10, 2026, to ensure it arrived at the court clerk's office on April 13, 2026.

## CONCLUSION

Appellant respectfully requests that this Court grant this Motion, vacate the dismissal, and accept the Objections as filed.

Dated: July 14, 2026

Respectfully submitted,

**/s/**Elizabeth Thomas
Elizabeth Thomas  Pro, Se
712 H Street NE #1297
Washington DC 20002
Tethomas3@aol.com

## CERTIFICATE OF SERVICE

I, Elizabeth Thomas  hereby certify that on this 14th  day of July 2026, I served a true and correct copy of the foregoing Motion for Relief from Judgment, Declaration, and Proposed Order upon the Appellee's counsel of record listed below by placing the same in a postpaid wrapper addressed to them and depositing it into an official depository of the United States Postal Service by regular mail..

**ARMSTRONG TEASDALE LLP**
Andrew Lolli
400 Park Ave., 12th Floor
New York, NY 10022
Telephone: (212) 209-4400
Email: alolli@atllp.com

/s/Elizabeth Thomas