Elizabeth Thomas Pro, Se
712 H Street NE #1297
 Washington DC 20002
Tethomas3@aol.com

July 22, 2026

**BY: ProSe@nysd.uscourts.gov**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2201
New York, NY 10007

**Re:** *Elizabeth Thomas vs  P.C.F. Properties in TX, LL* **Case No. 26-CV-00868**

Dear Judge Engelmayer**:**

Pursuant to Rule 2.A of Your Honor's Individual Rules and Practices in Civil Cases, Appellant Elizabeth Thomas Name] respectfully submits this pre-motion letter-motion to request a pre-motion conference, or alternatively, a briefing schedule for a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).

On July 8, 2026, this Court entered an order denying my objection to Magistrate Recommendation Report due the Appellant untimely filing the objection and dismiss the instant bankruptcy appeal.

Appellant respectfully requests that the Court vacate the dismissal order, reinstate the appeal, and permit the matter to be decided on its merits. This request is made within 28 days of the dismissal order, thereby preserving all appellate rights under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi).

## I. RELEVANT BACKGROUND

The Court denied my Objection to Magistrate Recommendation Report due to the failure to file it within 14 days. However there are exactly 14 days between March 24, 2026, and April 10, 2026, when excluding weekends and including both the start and end dates .Appellant believed that under the 3-day Mailbox Rule, the Court's physical receipt of the Objections on Monday, April 13, 2026, would be fully timely following the April 10, 2026 calculation. Federal Rule of Civil Procedure 60(b)(1) permits relief from a final judgment or order due to mistake, inadvertence, surprise, or excusable neglect. Under the Supreme Court precedent *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), courts look to the danger of prejudice, the length of the delay, the reason for the delay, and whether the moving party acted in good faith.  Regarding the 3-day mail rule, the Second Circuit Court of Appeals explicitly states that when a Magistrate's report is served by mail, the 3-day mailing extension applies to the objection window. *Roldan v. Racette*, 984 F.2d 85, 87 (2d Cir. 1993).

**II. BASIS FOR RELIEF UNDER FRCP 60(b)**

Relief from a dismissal order is appropriate under FRCP 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." To determine "excusable neglect," the Second Circuit considers the four *Pioneer* factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Each of these factors strongly favors reinstating the appeal in this matter:

- **No Prejudice to Appellee:** Reinstating this appeal will not prejudice the Appellee. Only 14 days have passed since the July 8, 2026 dismissal, and the underlying bankruptcy estate or dispute has not shifted positions in reliance on the dismissal.

- **Minimal Length of Delay:** The delay here is exceptionally brief. Appellant is seeking relief a mere two weeks after the Court's order, ensuring zero disruption to the court's broader judicial calendar.

- **Reason for Delay:** The delay was not intentional. Appellant believed that under the 3-day Mailbox Rule, the Court's physical receipt of the Objections on Monday, April 13, 2026, would be fully timely following the April 10, 2026 calculation which constitutes classic excusable neglect under Rule 60(b)(1).

- **Good Faith:** Appellant has acted in complete good faith. Upon learning of the July 8 dismissal, Appellant immediately investigated the issue and prepared this request to rectify the oversight without delay.

**CONCLUSION**

For the foregoing reasons, Appellant respectfully requests that the Court hold a pre-motion conference or grant leave to file a formal Motion for Relief from Judgment to reinstate the bankruptcy appeal.

Respectfully submitted,

*/s/ Elizabeth Thomas*

cc: **ARMSTRONG TEASDALE LLP**
 Andrew Lolli
 400 Park Ave., 12th Floor
 New York, NY 10022
 Telephone: (212) 209-4400
 Email: alolli@atllp.com